IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOSEPH KYLE NEWMAN,**<br>    **#36454-177,**<br>        **Plaintiff,**<br>vs.<br><br>**OFFICER REED,**<br>**OFFICER SINGLETON,**[1]<br>        **Defendants.** | )<br>)<br>)<br>)   No. 3:18-CV-2679-N-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

**I. BACKGROUND**

On October 10, 2018, Joseph Kyle Newman (Plaintiff) filed this lawsuit against the Dallas County Jail. (*See* doc. 3.) He alleges that while he was in the medical unit at the Dallas County Jail, the defendants denied him access to the jail law library in connection with a criminal case, Cause No. F18-30564 in Criminal District Court No. 5 of Dallas County, Texas. Plaintiff pleaded guilty to possession of a controlled substance and was placed on deferred adjudication probation in that case on September 13, 2018. *See www.dallascounty.org* (search for plaintiff). He contends that he was unable to make copies of motions and legal work, research penal codes, and send paperwork to the court. He claims that the denial of access to the law library violated his civil rights, denied him the right to participate in his representation in the criminal case, and denied him a fair trial. (*See* doc. 7 at 3-4, 9.) He seeks a declaration that his constitutional rights were violated, monetary

---

[1] In his response to the Magistrate Judge's Questionnaire, Plaintiff substituted Officers Reed and Singleton for the Dallas County Jail as defendants. (*See* doc. 7 at 2, 3.)

damages for the time he has been incarcerated as the result of the denial of his rights, and the dismissal of his criminal case based on the denial of his constitutional rights. (*See* doc. 7 at 7.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state

2

a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**     **Habeas Relief**

Plaintiff seeks an order dismissing the prosecution of his criminal case. Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A plaintiff cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he has failed to state claim upon which relief may be granted on this basis in this civil non-habeas action.

**B.**     ***Heck* Bar**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by habeas corpus. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005)

3

(accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, Plaintiff's claims imply that his conviction is invalid, and they are barred under *Heck*. He has not demonstrated that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing this action, so his claims are not cognizable at this time. *See Calton v. Tarrant County*, No. 4:05-CV-703-Y, 2007 WL 3071181 at *3 (N.D. Tex. Oct. 22, 2007) (holding that claim of denial of access to court during criminal trial was *Heck*-barred). The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton*, 74 F.3d at 102.

### IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice as frivolous under § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SIGNED this 10th day of January, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE